UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PETER SANCHEZ,<br><br>    Petitioner,<br><br>        v.<br><br>K. HOLLAND,<br><br>    Respondent. | NO. CV 12-8213-DDP (AGR)<br><br>ORDER TO SHOW CAUSE |

On September 24, 2012, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears the one-year statute of limitations has expired.

The court, therefore, orders Petitioner to show cause, on or before ***October 29, 2012***, why this court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

# I.
# PROCEDURAL BACKGROUND

On April 1, 2009, Petitioner was sentenced to 60 years to life for second degree murder, a gun enhancement, and a prior. (Petition at 2.) On July 14, 2010, the California Court of Appeal affirmed the conviction. (*Id.* at 2-3.) Petitioner did not file a petition for review. (*Id.* at 3.) On June 15, 2011, Petitioner filed a habeas petition in the California Supreme Court, which was summarily denied on October 26, 2011. (Petition at 3-4 & Ex. A); *see also* California Appellate Court Case Information online docket in Case No. S194023.

On September 17, 2012, Petitioner constructively filed the instant federal petition in this court in which he raised four grounds. (Petition at 5-6 & back of envelope.)

# II.
# DISCUSSION

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

**A.   The Date on Which Conviction Became Final – § 2244(d)(1)(A)**

On July 14, 2010, the California Court of Appeal affirmed Petitioner's conviction. (Petition at 2-3.) Because Petitioner did not file a petition for review with the California Supreme Court, his conviction became final 40 days later on

August 23, 2010.  *See Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005). Absent tolling, the statute of limitations expired on August 23, 2011.

### 1. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner filed his habeas petition in the California Supreme Court on June 15, 2011. At that point, 296 days of the limitations period had elapsed (August 23, 2010, to June 15, 2011). The California Supreme Court denied the petition on October 26, 2011. With the benefit of statutory tolling, the limitations period expired on January 3, 2012 (296 + 69).

Absent equitable tolling, the petition is time-barred.

### 2. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

3

Petitioner argues that his California counsel failed to timely file the petition for review in the California Supreme Court. (Petition at 3.) According to a declaration by his counsel, Judith Kahn, dated November 16, 2010, after the Court of Appeal affirmed the conviction, she "drafted a petition for review to exhaust state remedies for filing in the California Supreme Court." (Petition, Ex. B, Declaration, ¶ 2.) Kahn was scheduled to be out of the office on vacation when the petition was due to be filed. (*Id.*, ¶ 3.) Her intention was to file the petition early, but she "neglected to do so." (*Id.*) When she returned from her vacation, she "sought leave to file the petition for review past the due date," but the court "refused to file the petition . . . on the ground that the court had lost jurisdiction to consider the petition." (*Id.* ¶¶ 3-4; *see* Petition, Ex. C, letter dated October 6, 2010 to California Supreme Court.)

In a letter to Petitioner dated November 16, 2010, Kahn enclosed a copy of her declaration at his request. (Petition, Ex. B, Letter). She also advised Petitioner that "*the only issue you can raise in the federal court is the one raise in the Court of Appeal.*" (*Id.* (emphasis in original).) Petitioner attaches a copy of the petition for review Kahn attempted to file. (Petition, Ex. C.) The only issue Kahn raised before the California Supreme Court was that the trial court had violated Petitioner's due process rights when it "permitted impeachment with an 11 year-old robbery prior and the violation was not harmless." (*Id.*) This was the same and only issue raised before the Court of Appeal. *See People v. Sanchez*, 2010 WL 2763242 (2010). This issue is the same as Ground Four in the federal petition here. (Petition at 6.)

Counsel's negligent failure to timely file a petition for review is not a basis for equitable tolling. *See Holland*, 130 S. Ct. at 2564 ("garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling") (citations and quotation marks omitted); *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003) ("ordinary attorney

negligence will not justify equitable tolling"); *Miranda v. Castro*, 292 F.3d 1063, 1067 (9th Cir. 2002) ("the miscalculation of the limitations period by . . . counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling") (citation and quotation marks omitted); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (denying equitable tolling based on counsel's negligence); *Williams v. Hartley*, 2011 WL 3565115, *2 (C.D. Cal. 2011) (denying equitable tolling when Petitioner was not "informed by his attorney of the need to comply with AEDPA's one-year statute of limitations"); *Vijan v. Schriro*, 2010 WL 5147994, *6 (D. Ariz. 2010) (same); *Hartman v. Smelosky*, 2009 WL 3708796, *5 (C.D. Cal. 2009) (same).

Even if the court were to give Petitioner the benefit of equitable tolling because of his counsel's negligence, the petition would still be time-barred. According to Kahn's letter dated November 16, 2010, she was enclosing a copy of her declaration "per your request," which indicates Petitioner already knew the California Supreme Court had declined to file the petition for review. Instead of the limitations period beginning on August 23, 2010, when his conviction became final, it would have begun, at the latest, on November 16, 2010. On June 15, 2011, when Petitioner filed his state habeas petition, 211 days of the limitations period had elapsed. Thus, the statute of limitations would have expired on March 28, 2012 (211 + 154 (October 26, 2011, to March 28, 2012), months before he constructively filed here.

### B.   Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

The statute of limitations may start to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

In Ground One, Petitioner contends that Kahn was ineffective because of her failure to file a timely petition for review. (Petition at 5.)[1] Thus, Petitioner was aware of the factual predicate underlying this ground at the latest on November 16, 2010, the same date as equitable tolling would have expired. Accordingly, the date of discovery does not assist Petitioner.

## III.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **October 29, 2012**, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: September 27, 2012

ALICIA G. ROSENBERG
United States Magistrate Judge

---

[1] Ground Three relies on the same facts but a different legal theory. (Petition at 6.)